

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 18, 2020

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *United States* v. *German Marmolejos*, S2 18 Cr. 303 (JMF)

Dear Judge Furman:

The Government writes to respectfully request that the Court set a briefing schedule regarding the defendant's proposed Rule 12.2(b) defense, which the Court should preclude in full without a hearing. While the proposed defense fails on multiple threshold grounds and should be precluded, in an abundance of caution, the Government also requests that the Court enter the attached proposed order authorizing an expert evaluation of the defendant.

As the Court is aware, in November 2019, the Court adjourned trial in this matter to April 20, 2020, allowing the defendant time to prepare his purported Rule 12.2(b) defense, which required an evaluation from a newly retained expert. On January 29, 2020, defense counsel filed a one-sentence notice paraphrasing Rule 12.2(b)(1). On February 3, 2020, the Court held a conference at which Your Honor set a deadline of February 14, 2020, for the defense to disclose "a summary of any expert that you intend to call at trial and provide a summary of that expert's qualifications, opinions, and the bases and reasons for those opinions." (Feb. 3, 2020 Tr. 9.)

On February 14, 2020, defense counsel provided to the Government a "summary of expert testimony that the defense intends to offer at trial" (the "February 14 Notice"). *See* Ex. A.[1] The defendant disclosed that it intends to call Dr. Edward Fernandez to testify consistently with his two reports dated May 7, 2018 and October 1, 2018 as well as his testimony from April 3, 2019 and April 11, 2019. (*Id.* at 1.) These reports were issued in 2018 in advance of the competency hearing in this matter and his testimony was provided at the April 2019 competency hearing. The February 14 Notice lists a number of purported clinical "fact witnesses" who would testify about their prior evaluations of the defendant. The February 14 Notice discloses that Dr. Fernandez will opine that Mr. Marmolejos suffers from certain mental disorders (*id.*), but does not explain how any of these experts (or purported fact witnesses) would opine that the defendant suffers a mental disease or defect that "bear[s] on . . . the issue of guilt," Fed. R. Crim. P. 12.2(b)(1).

---

[1] Given the sensitive medical information contained in the February 14 Notice, the Government respectfully requests that the February 14 Notice be filed under seal. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

The Government plans to move to preclude Dr. Fernandez's purported expert testimony at trial on several grounds, including, among others, (1) insufficient notice, (2) not within the scope of Rule 12.2, and (3) *Daubert*. The Government will also move to preclude the defendant's proposed fact witness testimony proffered in support of his claimed Rule 12.2 defense, which likewise is improper and beyond the scope of the Rule. The Government requests a briefing schedule to address these issues. The Government respectfully requests approximately two weeks to file its opening brief. The Government submits that Dr. Fernandez's testimony should be precluded without the need for a hearing. However, although the Government views the defense's Rule 12.2 notice and proposed defense as legally insufficient on threshold grounds, given that trial is scheduled to begin in approximately two months, the Government also requests that the Court enter the attached order for the defendant's examination by a Government expert under Rule 12.2(c)(1)(B). Obtaining this evaluation now will avoid unnecessary delay in the event a Government expert's testimony is necessary for a hearing or trial.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Peter J. Davis
Daniel G. Nessim
Assistant United States Attorneys
(212) 637-2468/-2486

cc: Andrew Dalack, Esq. / Jennifer Willis, Esq. (via ECF)

The Government shall file its motion to preclude by March 4, 2020. Any opposition shall be filed by March 18, 2020, and any reply shall be filed by March 25, 2020. The Court will file and maintain Exhibit A to the Government's letter under seal. The Clerk of Court is directed to terminate Docket No. 83. SO ORDERED.

February 19,